**COMMONWEALTH of Kentucky, Appellant,**

v.

**Richard E. STINNETT, Appellee.**

**No. 2003–SC–0511–DG.**

Supreme Court of Kentucky.

Sept. 23, 2004.

Gregory D. Stumbo, Attorney General, Dennis W. Shepherd, Assistant Attorney General, Criminal Appellate Division, Frankfort, Counsel for Appellant.

Kim Brooks Tandy, Covington, Counsel for Appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which reversed a judgment to the extent that it orders the sentences to run consecutively and remanded to the trial court for a new sentencing hearing.  The conviction was not reversed.

---

The sole question presented is whether the trial judge committed error when he ran the three misdemeanor sentences of Stinnett consecutively without having given the jury the opportunity to make a recommendation.

Stinnett was indicted for second-degree burglary, first-degree criminal mischief and misdemeanor theft as well as for being a second-degree persistent felony offender. The jury found him guilty of three misdemeanors, but no felonies. The trial judge instructed the jury on sentencing, but did not require it to recommend whether the sentences should be concurrent or consecutive. There was no objection to this omission. The jury recommended a sentence of 90 days and a $250 fine for the second-degree criminal trespass; 90 days and a $250 fine for misdemeanor theft and 60 days and a $125 fine for third-degree criminal mischief. The trial judge ordered the terms to be served consecutively for a total of 240 days. The fines were forgiven.

On appeal, the Court of Appeals determined that the requirement of KRS 532.055(2) that "the jury shall recommend whether the sentences shall be served concurrently or consecutively" applied in this case. It relied on *Commonwealth v. Philpott,* Ky., 75 S.W.3d 209 (2002) and *Lawson v. Commonwealth,* Ky., 85 S.W.3d 571 (2002). Recognizing that there was no objection to the omission of the instruction, the Court of Appeals also held that such was palpable error pursuant to RCr 10.26.

The Court of Appeals reversed with respect to the consecutive sentences and remanded for a new sentence hearing. It concluded that the arguments concerning the issue of punishment may be presented after which the jury shall be instructed regarding its recommendation of whether the sentences are, in whole or in part, to run concurrently or consecutively. The convictions were not disturbed. This Court granted the Commonwealth's motion for discretionary review.

The Commonwealth argues that the Stinnett case was no longer a felony matter subject to the recommendation requirement of the statute once the jury returned its initial verdict acquitting Stinnett of all felony charges. We agree.

The Court of Appeals misinterpreted *Philpott, supra,* which actually supports the actions of the trial judge. That case stated:

> Instructing the jury on a lesser included misdemeanor offense does not transform a felony case into a misdemeanor case. That does not occur until and unless a verdict is returned convicting the defendant of the misdemeanor offense and thereby acquitting him/her of the felony offense.

Here, once the jury returned its verdict acquitting Stinnett of the felony offenses and convicting him only of misdemeanors, the case was transformed into a misdemeanor case. Thus, KRS 532.055, which applies "in all felony cases," has no application. The same can be said for *Lawson, supra,* which involved felony convictions and sentences.

The relevant statute in this case is KRS 532.110, which states in pertinent part:

> When multiple sentences of imprisonment are imposed on a defendant for more than one (1) crime, including a crime for which a previous sentence of probation or conditional discharge has been revoked, **the multiple sentences shall run concurrently or consecutively as the court shall determine at the time of sentence** ... (Emphasis ours).

In this case, the trial judge did not abuse his discretion because he sentenced the defendant according to the statutory guidelines of KRS 532.110. He was not required to submit an instruction to the

jury for a recommendation on whether the sentences should be served concurrently or consecutively because the jury's verdict during the guilt phase transformed the case into a misdemeanor case for sentencing. There was no error, thus there was no palpable error.

There is no question that this Court understands the importance of allowing a jury to complete its duties after adjudicating guilt and after assessing the penalty. This includes providing the trial judge with the recommendation as to how the sentences are to be imposed in felony cases, either concurrently or consecutively. *See* KRS 532.055. Here, this statute does not apply because the guilty verdicts were three misdemeanors, reducing what was originally a felony case to a misdemeanor case. The statute in question addresses felony cases and does not strictly apply to what has become a misdemeanor case.

It is the decision of this Court that the trial judge did not commit error as a matter of law when he fixed the three misdemeanor sentences consecutively without giving the jury the opportunity to make a recommendation. There was no violation of the right of Stinnett to due process, the right to be free from arbitrary and capricious treatment under the law and/or the rule regarding lenity.

The decision of the Court of Appeals is reversed and the sentences are reinstated.

All concur.